# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DAVID L. MANN, BAR NO. 11194.

No. 78366

**FILED**

JUN 14 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney David L. Mann. Under the agreement, Mann admitted to violating RPC 1.5 (fees) and RPC 1.16 (declining or terminating representation). He agreed to a six-month suspension and the payment of costs.

Mann admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes that Mann violated the above-listed rules by charging an objectively unreasonable amount of fees for the work performed on behalf of a client and, after terminating his representation of the client, failed to take steps to the extent reasonably practicable to protect the client's interests, such as immediately returning the client's papers and property. The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty

19-25792

violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Mann admitted to knowingly engaging in conduct that violated his duties owed to his client, the public, and the reputation of the profession. Mann's client was harmed by having to pay unreasonable fees and by the delay caused by Mann's failure to return her documents and property, and the public and legal profession were harmed by his inappropriate actions following the termination of representation, including filing suit against his client. The baseline sanction before considering aggravating or mitigating factors is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar Ass'n 2018) (providing that suspension is appropriate when "a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports the panel's finding of one aggravating factor (substantial experience in the practice of law) and three mitigating circumstances (absence of a prior disciplinary record, personal or emotional problems, and a cooperative attitude toward proceedings). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney David L. Mann from the practice of law for six months from the date of this order. Mann shall pay the costs of the disciplinary proceedings, including $2,500 under SCR

120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish


cc:    Chair, Southern Nevada Disciplinary Board
       Michael J. Warhola, LLC
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court